1   GLYNN & FINLEY, LLP
    CLEMENT L. GLYNN, Bar No. 57117
2   MORGAN K. LOPEZ, Bar No. 215513
    JONATHAN A. ELDREDGE, Bar No. 238559
3   One Walnut Creek Center
    100 Pringle Avenue, Suite 500
4   Walnut Creek, CA 94596
    Telephone: (925) 210-2800
5   Facsimile: (925) 945-1975

6   MORRIS JAMES LLP
    P. Clarkson Collins, Jr., *Pro Hac Vice Pending*
7   Jason C. Jowers, *Pro Hac Vice Pending*
    500 Delaware Avenue, Suite 1500
8   Wilmington, Delaware 19801
    Telephone: (302) 888-6800
9   Facsimile: (302) 571-1750
    E-mail: pcollins@morrisjames.com
10           jjowers@morrisjames.com

11  Attorneys for E. I. du Pont de Nemours and Company

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14

15  E. I. DU PONT DE NEMOURS AND              )   Case No. 3:11-cv-01665-JSW
    COMPANY,                                  )
16                                            )   **NOTICE OF MOTION AND MOTION**
                                              )   **TO STRIKE CERTAIN ALLEGATIONS**
17          Plaintiff,                        )   **IN AND EXHIBITS TO DEFENDANTS**
                                              )   **USA PERFORMANCE TECHNOLOGY**
18      v.                                    )   **INC. AND WALTER LIEW'S ANSWER**
                                              )   **AND COUNTERCLAIM TO**
19  USA PERFORMANCE TECHNOLOGY,               )   **PLAINTIFF'S COMPLAINT;**
    INC., PERFORMANCE GROUP (USA),            )   **MEMORANDUM OF POINTS AND**
20  INC., WALTER LIEW, and JOHN LIU,          )   **AUTHORITIES IN SUPPORT**
                                              )
21          Defendants.                       )   **Date:**    **July 1, 2011**
                                              )   **Time:**    **9:00 a.m.**
22  _____      )   **Before:**  **Honorable Jeffrey S. White**

23  **TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

24          **PLEASE TAKE NOTICE** that on July 1, 2011, at 9:00 a.m., or as soon

25  thereafter as the matter may be heard, in Courtroom 11 of the above-entitled Court, the

26  Honorable Jeffrey S. White presiding, located at 450 Golden Gate Avenue, San Francisco, CA

27  94102, Plaintiff E. I. du Pont de Nemours & Company ("DuPont") will bring on for hearing this

28  motion to strike certain immaterial, impertinent and  scandalous matter in the answer and

- 1 -

DUPONT'S NOTICE OF MOTION AND MOTION TO STRIKE

1   counter-claim submitted by defendants USA Performance Technology, Inc. and Dr. Walter Liew

2   ("Defendants").  Specifically, DuPont asks the Court to strike allegations in Defendants' Answer

3   regarding 1) DuPont's alleged anti-Chinese bias, and 2) DuPont's environmental record, as well

4   as Exhibit F to Defendants' Answer.

5       This motion is submitted pursuant to Rule 12(f) of the Federal Rules of Civil and

6   brought because Defendants' allegations regarding DuPont's alleged anti-Chinese bias and

7   environmental record have no rational relationship to DuPont's claims or Defendants' counter-

8   claims and solely exist to prejudice DuPont.  Moreover, striking these spurious allegations now

9   will avoid the time and expense that would be consumed were these issues required to be

10  litigated.

11      This motion is based on this notice, the attached memorandum of points and

12  authorities, DuPont's complaint, Defendants' answer and counterclaims, and other evidence and

13  argument as may be presented before or at the hearing on this motion.

14                    **MEMORANDUM OF POINTS AND AUTHORITIES**

15  **I.      INTRODUCTION**

16      **1.      Background**

17      On April 6, 2011, , Plaintiff E. I. du Pont de Nemours & Company ("DuPont") filed this

18  action to protect against the further misappropriation of its trade secrets relating to its titatanium

19  dioxide ("TiO2") manufacturing process.  On May 11, 2011, defendants USA Performance

20  Technology, Inc. and Dr. Walter Liew ("Defendants") answered and counterclaimed against

21  DuPont.  Although Defendants "do not deny that DuPont's titanium technologies have been the

22  subject of misappropriation" (Answer p. 5:11-12), they deny that they have done so, contending

23  instead that any information they obtained from DuPont was publicly available, not DuPont's

24  proprietary trade secret technology.  *Id.* p. 6:17-18.  DuPont will, in due course, show that

25  Defendants' denials are false, and that they have indeed utilized DuPont's trade secrets.  This

26  motion, however, addresses Defendants' attempt to inject immaterial and scurrilous matter into

27  the pleadings in this case—a tactic that independently reveals the improper devices employed by

28  ///

1  these Defendants.  The Court should make clear that such tactics will not be tolerated in the

2  federal courts.  The motion to strike should be granted.

3        **2.**      **The Improper Matter**

4        In response to DuPont's attempt to protect its intellectual property, Defendants assert that

5  "DuPont attempts to mischaracterize Dr. Liew's citizenship because of its anti-Chinese bias, and

6  for the purpose of inciting ill-based domestic prejudice against citizens of China" (Answer p. 2:

7  16-18).  Such is neither an admission nor a denial; instead, it is groundless speculation regarding

8  the motive behind DuPont's allegations.  More troubling is Defendants' deliberate attempt to

9  inject race into a case in which it is wholly irrelevant.  The fact that DuPont objects to the

10 misappropriation of its trade secrets and their sale to entities in China does not mean DuPont is

11 anti-Chinese.  It is, instead, anti-theft.  This scurrilous allegation is improper and should be

12 stricken.

13       Similarly, Defendants' allegations regarding DuPont's alleged environmental record are

14 wholly immaterial to the issues in this case and are included to disparage DuPont.  Specifically,

15 Defendants allege that "China, like the rest of the world, is undoubtedly aware of the

16 environmental problems caused by DuPont in the U.S.  For example, in 2005 DuPont was sued

17 by 1,995 people who claim dioxin emissions from DuPont's plant in DeLisle, Mississippi,

18 caused their cancers, illnesses or loved one's death" (Answer p. 16:9-11).  Defendants

19 supplement their irrelevant pleadings by attaching a hit piece by the United Steelworkers

20 International Union, criticizing DuPont for multitudinous alleged safety violations.  *See* Exhibit F

21 to Answer.[1]  These allegations regarding DuPont's environmental record and this hit piece are

22 immaterial to the issues in suit and should be stricken.

23 **II.**      **ARGUMENT**

24       Rule 12(f) of the Federal Rules of Civil Procedure states that a district court "may strike

25 from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

26 matter."  FRCP 12(f).  It is well-established that "[t]he function of a 12(f) motion to strike is to

27 avoid the expenditure of time and money that must arise from litigating spurious issues by

28

---

[1] Ironically, in assailing DuPont's alleged lack of environmental stewardship, the document does note "DuPont's unique process" in producing TiO2 (Exhibit F at 17).

1   dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970,

2   973 (9th Cir. 2010); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd*

3   *on other grounds* 510 U.S. 517, 534–535, 114 S.Ct. 1023, 1033 (1994) (upholding motion to

4   strike on grounds that stricken allegations "created serious risks of prejudice to [plaintiff], delay,

5   and confusion of the issues.")  A matter is immaterial "if it has no essential or important

6   relationship to the claim for relief pleaded.  Matter is impertinent if it does not pertain and is not

7   necessary to the issues in question in the case." *McArdle v. AT & T Mobility LLC*, 657 F.Supp.2d

8   1140, 1149 (N.D. Cal. 2009) (citing *Fogerty*, 984 F.2d at 1527) (striking affirmative defenses).

9   A "'scandalous' matter improperly casts a derogatory light on someone, usually a party."

10  *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005) (granting motion to strike five causes

11  of action.)

12          Defendants' allegations regarding DuPont's alleged anti-Chinese bias and DuPont's

13  environmental record are immaterial, impertinent, and scandalous and thus should be stricken.

14  There can be no doubt that Defendants' spurious allegations have no relationship to the parties'

15  competing claims for misappropriation of trade secrets, nor could they pertain to Defendants'

16  claims for copyright infringement (third counter claim) or tortious interference with prospective

17  economic advantage (fourth counterclaim).  These allegations are simply an attempt to smear

18  DuPont.  They have no proper place in this case.  Allegations that solely exist to prejudice

19  DuPont and propagate confusion should be stricken. *See Fogerty*, 984 F.2d at 1527.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

- 4 -

DUPONT'S NOTICE OF MOTION AND MOTION TO STRIKE

1    **III.    CONCLUSION**

2            For the foregoing reasons, DuPont respectfully requests that the Court grant its motion to

3    strike allegations regarding DuPont's alleged anti-Chinese bias, DuPont's environmental record

4    and Exhibit F to Defendants' Answer.

5            Dated: May 26, 2011                GLYNN & FINLEY, LLP
                                                CLEMENT L. GLYNN
6                                               MORGAN K. LOPEZ
                                                JONATHAN A. ELDREDGE
7                                               One Walnut Creek Center
                                                100 Pringle Avenue, Suite 500
8                                               Walnut Creek, CA  94596

9                                               MORRIS JAMES LLP
                                                P. CLARKSON COLLINS, JR.
10                                              JASON C. JOWERS
                                                500 Delaware Avenue, Suite 1500
11                                              Wilmington, DE 19801

12                                              By  /s/ Morgan K. Lopez
                                                    Attorneys for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DUPONT'S NOTICE OF MOTION AND MOTION TO STRIKE