Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Kevin M. Pasquinelli, Esq. (Cal. Bar No. 246985)
On Lu, Esq. (Cal. Bar No. 242693)
MOUNT, SPELMAN & FINGERMAN, P.C.
Riverpark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax: (408) 998-1473
Email: dmount@mount.com; kpasquinelli@mount.com; onlu@mount.com

Counsel for USA PERFORMANCE TECHNOLOGY, INC., PERFORMANCE GROUP (USA), INC.; and WALTER LIEW

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| E.I. DU PONT DE NEMOURS AND COMPANY,<br><br>Plaintiff<br><br>vs.<br><br>USA PERFORMANCE TECHNOLOGY, INC., PERFORMANCE GROUP (USA), INC., WALTER LIEW, and JOHN LIU,<br><br>Defendants | Case No. 3:11-cv-01665 (MEJ)<br><br>**USA PERFORMANCE TECHNOLOGY, INC. and DR. WALTER LIEW'S OPPOSITION TO DUPONT'S MOTION TO STRIKE**<br><br>**Hearing Date: July 1, 2011**<br><br>**Time: 9:00 a.m.**<br><br>**Honorable Judge Jeffrey S. White** |

Defendants USA PERFORMANCE TECHNOLOGY, INC. ("USA-PTI"), a California corporation, and DR. WALTER LIEW, an individual (collectively "Defendants"), file this Opposition to Du Pont's (Plaintiff) *Motion to Strike Certain Allegations in and exhibits to Defendants USA Performance Technology Inc. and Walter Liew's Answer and CounterClaim to Plaintiff's Complaint* ("Motion to Strike"). Its request should be denied.

## I. Background

On April 6, 2011 DuPont filed a complaint, accusing Defendants of trade secret misappropriation of TiO2 pigment technologies. Its basis for such an assertion was receipt of an anonymous letter from a third party, sent to DuPont, groundlessly accusing Defendants. The letter was not included with the complaint, and has not been produced. From interviews with, and a document production from, John Liu, relating to *Defendants TiO2 trade secrets*, DuPont concludes that the documents "identified numerous pieces of information . . . identical to confidential, proprietary components of DuPont's process" despite not being marked "DuPont". The claim is naked, and entirely unsubstantiated.

On May 5, 2011, Defendants answered, denying all of DuPont's causes of action, and counter claiming that DuPont has misappropriated USA-PTI's, and its customers, trade secrets (under the Lanham Act and CA Civil Code), copyright infringement, and tortious interference with prospective economic advantage. In the answer Defendants exposed that many of DuPont's supposed trade secrets are disclosed in publically available documents. For example, in paragraph 42, DuPont claims that "aluminum chloride generators are not commonly used . . . for the production of TiO2". Yet, use of a chloride generator is easily available on the world wide web, as included in Defendants answer, including an explicit diagram of the process. DuPont also claims that a chlorine catch tank is unique to DuPont and wrongly asserts that "[n]ot even the Chlorine Institute . . . suggests the use of a chlorine catch tank." This claim is also inaccurate, as supported by no less than the Chlorine Institute

(*See* exhibit B to the answer).

DuPont's lack of diligence and detail discloses its actual motivation for filing this unsupported suit, frustration with its inability to build a TiO2 manufacturing plant in China. On March 1, 2005 DuPont announced its intent to build the plant in Dongying, Shandong province, the People's Republic of China (PRC).[1] As of March 17, 2009 construction of the plant had not begun "due to the environmental concerns of the local community" and lack of "final approval from the relevant Chinese regulator."[2] In September 2009 reports stated that the plant was unlikely to begin production for another three years.[3] In March, 2010 DuPont issued a press release stating that the "final approval needed before the project can begin is the issuance by the Chinese government of a business license to DuPont."[4] On December 9, 2010 CN Chemicals published that "DuPont continues to pursue a business license for its previously announced Dongying project."[5] These continued setbacks have driven DuPont to file suit in order to (1) delay expansion of its Chinese competitors and (2) embark on a fishing expedition to uncover how others have succeeded where it has failed.

## II. Defendants' Assertions are Based in Science and Fact

DuPont requests this Court to strike three references made by Defendants, each of which is relevant, material, and pertinent in defense to DuPont's factually unsupported allegations or in support of Defendants' counter claims. More specifically, DuPont requests that the following facts be stricken:

(1) a reference to its "anti-Chinese bias",

(2) references to its environmental record regarding TiO2, attested to by no less than the Environmental Protection Agency ("EPA"), and

---

[1] Pasquinelli Declaration, Exhibit A. DuPont press release.
[2] Pasquinelli Declaration, Exhibit B. Publication of China Knowledge.
[3] Pasquinelli Declaration, Exhibit C. Publication of Industrial Minerals
[4] Pasquinelli Declaration, Exhibit D. DuPont 3/10 Press Release
[5] Pasquinelli Declaration, Exhibit E. CCM TiO2 Research Highlight

(3) Exhibit F which supports the reference to its environmental record.

(hereinafter referred to collectively as "the References") DuPont's request should be denied.

Bias: The majority of racial bias is unconscious.[6] The inclusion of immaterial facts demonstrates DuPont's bias, whether conscious or unconscious. In paragraph 7 of its complaint, DuPont states that Walter Liew is a citizen of "California or the People's Republic of China." In fact, Dr. Liew is a citizen of the United States and a resident of California. Dr. Liew was born in Malaysia, not China. DuPont attempts to mischaracterize Dr. Liew' s citizenship for the purpose of inciting ill-based domestic prejudice against citizens of China. There is no other reason to assert that Dr. Liew is a citizen of the China. "For the purposes of this section [1332] an alien . . . shall be deemed a citizen of the State in which such alien is *domiciled*."[7] To establish diversity, DuPont need only have pled that Dr. Liew was domiciled in California, even if he was a foreign citizen.

Environment: DuPont attempts to characterize exhibit F to the Defendants' answer as a "hit piece". In truth, the paper is an objective disclosure of facts regarding the environmental history of DuPont's TiO2 plants, supported by the Environmental Protection Agency ("EPA") and other respectable sources. The EPA's 2003 study ranks DuPont's TiO2 facilities as the top three for disposal and release of dioxins among all U.S.A. companies.[8] DuPont's environmental history remains a barrier to entering the China market.

### III. The Rest of the Story
### Argument

DuPont fails to disclose the entire body of law regarding Rule 12(f). The vast majority of case law weighs heavily against granting DuPont's request.

A. Rule 12(f) and Associated Case Law

Du Pont basis its argument on Fed. Rule of Civ. Pro. 12(f) which states:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

---

[6] Seee https://implicit.harvard.edu  for a wealth of articles on unconscious bias.
[7] Federal Rule of Civil Procedure 28 U.S.C. §1332.(emphasis added)
[8] Answer Exhibit F, Pg 17. EPA's work on Dioxin can be found at http://cfpub.epa.gov/ncea/CFM/nceaQFind.cfm?keyword=Dioxin

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

B. Rule 12(f) Motions are NOT Favored

Cases discussing FRCP 12(f) overwhelmingly state that granting such matters are not favored[9] and are a drastic remedy, which are infrequently granted.[10] Such motions are to be denied unless the "allegations have no possible relation to the controversy".[11] "If there is any doubt whether challenged matter may raise issue of fact or law, a motion to strike should be denied."[12]

C. Du Pont Bears the Burden of Proof:

Du Pont bears the burden of proof on a FRCP 12(f) motion to strike.[13] To succeed on a FRCP 12(f) motion to strike, movant must demonstrate that (1) no evidence in support of allegations would be admissible, (2) that allegations have no bearing on issues in case, and (3) that to permit allegations to stand would result in prejudice to movant.[14]

D. Matter which is not Redundant, Immaterial, Impertinent, or Scandalous is Not Subject to Motion to Strike

Matter which is not redundant, immaterial, impertinent, or scandalous is not subject to a motion to strike.[15] By most liberal definition, the words referred to in Rule 12(f) have been defined as follows:

- "redundant" means statement of facts which are wholly foreign to [the] issue intended to be denied or needless repetition of immaterial averments; [16]

---

[9] Motions to strike allegedly redundant, immaterial, impertinent, or scandalous matter are not favored. *Morgan v Duro Paper Bag Mfg. Co.* (1957, DC Ind) 22 FRD 508. Motions to strike are particularly disfavored with respect to class allegations in employment discrimination suits. *Naton v Bank of California* (1976, ND Cal) 72 FRD 550, 14 BNA FEP Cas 166, 13 CCH EPD P 11464, 22 FR Serv 2d 811.

[10] Motion to strike portion of pleadings is drastic remedy which is viewed with disfavor and infrequently granted. *Shell Oil Co. v United States EEOC* (1981, ED Mo) 523 F Supp 79, 27 BNA FEP Cas 230, remanded (1982, CA8) 676 F2d 322, 28 BNA FEP Cas 1087, 29 BNA FEP Cas 1519, 28 CCH EPD P 32669, reh den (1982, CA8) 689 F2d 757 and revd on other grounds, remanded (1984) 466 US 54, 104 S Ct 1621, 80 L Ed 2d 41, 34 BNA FEP Cas 709, 33 CCH EPD P 34245.

[11] *In re NASDAQ Market-Makers Antitrust Litig*. (1996, SD NY) 164 FRD 346, 1996-1 CCH Trade Cases P 71282.

[12] Id.

[13] *Berke v Presstek, Inc*. (1998, DC NH) 188 FRD 179.

[14] *Berke v Presstek, Inc*. (1998, DC NH) 188 FRD 179.

[15] *Card v Elmer C. Breur, Inc*. (1941, DC Ohio) 42 F Supp 701, 5 CCH LC P 61035 (ovrld in part on other grounds by *Smith v Stark Trucking, Inc.* (1943, DC Ohio) 53 F Supp 826, 8 CCH LC P 62207); Courteau v Interlake S.S. Co. (1940, DC Mich) 1 FRD 429; United States use of Deane v Rowley Const. Co. (1941, DC RI) 2 FRD 6.

[16] *Burke v Mesta Mach. Co*. (1946, DC Pa) 5 FRD 134, 10 CCH LC P 62970.

- "immaterial" means having no essential or important relationship to [the] averment intended to be denied, and statement of unnecessary particulars in connection with and as descriptive of what is material;[17] "[I]mmaterial" has also been defined as "any matter having *NO* value in developing issues of case.[18] (emphasis added); "immaterial matter is generally meant that which has no essential or important relationship to [a] claim for relief or defenses being pleaded."[19]

- "impertinent" means statement of matters applied to facts which do not belong to [the] matter in question, and which is not necessary to matters in question; impertinence may also be defined as "matter which is both irrelevant or unresponsive to issues in action and which could not be put in issue or introduced into evidence."[20] In suits involving multiple and complex issues, greater latitude in pleadings may be allowed since impertinence may not be so clear.[21]

- "scandalous" means unnecessary matter or facts criminatory of a party referred to in pleading.[22] "[S]candalous" has also been held "as including those defenses that are invalid or not made in good faith and which do not fairly present questions of law or fact "which the court ought to hear".[23],[24]

E. Unduly Prejudicial Material

Allegations in complaint which supply background or historical material or which are of evidentiary quality will not be stricken unless unduly prejudicial to defendant.[25] Application of Rule 12(f) is in the discretion of a trial judge and should be resorted to only where pleading contains allegations that are obviously false and clearly injurious to party because of kind of language used, or such allegations are unmistakably unrelated to subject matter.[26]

DuPont relies on *Whittlestone and Fantasy, Inc.* for the proposition that prejudicial issues should be dispensed prior to trial. These cases are distinguishable to the case at bar. DuPont cites *Whittlestone*[27]

---

[17] *Burke v Mesta Mach. Co.* (1946, DC Pa) 5 FRD 134, 10 CCH LC P 62970.
[18] *Oaks v Fairhope* (1981, SD Ala) 515 F Supp 1004, 28 BNA FEP Cas 74, 28 CCH EPD P 32648.
[19] *Fleischer v A. A. P., Inc.* (1959, SD NY) 180 F Supp 717, 2 FR Serv 2d 110; *Gilbert v Eli Lilly & Co.* (1972, DC Puerto Rico) 56 FRD 116, 16 FR Serv 2d 1096.
[20] • *City Federal Sav. & Loan Asso. v Crowley* (1975, ED Wis) 393 F Supp 644.
[21] *Thor Corp. v Automatic Washer Co.* (1950, DC Iowa) 91 F Supp 829, 86 USPQ 265.
[22] *Burke v Mesta Mach. Co.* (1946, DC Pa) 5 FRD 134, 10 CCH LC P 62970.
[23] *Gateway Bottling, Inc. v. Dad's Rootbeer Co.,* 53 F.R.D. 585, 588 (W.D.Pa. 1971)
[24] *In re Merrill Lynch & Co. Research Reports Sec. Litig.* (2003, SD NY) 218 FRD 76.
[25] *South Side Drive-In Co. v Warner Bros. Pictures Distributing Corp.* (1962, ED Pa) 30 FRD 32, 5 FR Serv 2d 49.
[26] *Pessin v Keeneland Asso.* (1968, ED Ky) 45 FRD 10, 1968 CCH Trade Cases P 72634.
[27] *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973 (9th Cir. Cal. 2010)

for the specific proposition that spurious issues should be dispensed with prior to trial. In *Whittlestone* the lower court dismissed claims for lost profits and consequential damages. The appellate court reversed because claims for profits and damages, and the facts associated therewith, were not insufficient, redundant, immaterial, impertinent, or scandalous. The same is true in this case. Second, in *Fantasy*, the lower court dismissed claims as barred by the statute of limitations and *res judicata*. DuPont has made no such claim here. At best, DuPont has stated a portion of the standard for FRCP 12(f) relief, and has failed to adequately describe how any of the elements are met.

F. The Court has Control to Strike Allegations at a Later Time

Material that might be prejudicial to a jury should not be stricken at this time. There is ample time before and during trial to decide and eliminate, if necessary any factual and legal issue.[28] Motions to strike allegations because of danger of submitting highly prejudicial matter to jury is commonly denied since at pre-trial conference issues can be narrowed.[29] When certain evidence is sought to be introduced in trial, court may at that time limit the scope of plaintiff's horizon to what then appears to be reasonable and practical limits.[30]

## IV. Du Pont's Request Should Not be Granted

DuPont has NOT met its burden

DuPont's prima facie argument does no more that state that the references have "no relationship to the competing claims" and that they are "immaterial, impertinent, and scandalous". DuPont does not explain why the references are not admissible, *per se*. DuPont does not explain why its own record regarding TiO2 has no bearing on the case. DuPont simply makes naked assertions. Since motions to strike are highly disfavored, and DuPont's prima facie arguments are simply naked statements, DuPont has not met its burden and its motion should be denied with no further analysis. Alternatively, this motion now further discusses why the references are material to this case.

DuPont's Environmental Record is Material to Damages

DuPont's environmental record is pertinent and material to both Defendants' defenses and

---

[28] *Plummer v Glenn L. Martin Co*. (1950, DC Ohio) 10 FRD 395.
[29] *French v United States Fidelity & Guaranty Co*. (1950, DC NJ) 88 F Supp 714.
[30] *South Side Drive-In Co. v Warner Bros. Pictures Distributing Corp*. (1962, ED Pa) 30 FRD 32, 5 FR Serv 2d 49.

counter claims. Foremost, DuPont's environmental record, and related failure to build a TiO2 plant in China, is evidence of its motivation to misappropriate Defendants' trade secrets, and interfere with the hiring of well qualified engineers. DuPont's misappropriation of Defendants' trade secrets is an attempt to uncover (1) how Chinese manufacturers are able to produce TiO2 without the same environmental hazards it has experienced (or circumvent environmental concerns by building in China), and (2) to uncover how its competitors have obtained business permits. DuPont has been unable to achieve either in the past six (6) years. Furthermore, the environmental assertions are well supported by credible sources, discussing facts, and are therefore not scandalous. DuPont's motivations for misappropriating trade secrets and copying Defendants documents are material and pertinent to willful and punitive damages. As such, paragraphs #2 and Exhibit F should not be stricken.

<u>DuPont's Bias is Material and Admissible</u>

As stated in the Answer, and above, DuPont's agents have taken USA PTI's trade secrets without its consent, and copied documents containing those trade secrets. Their motivation for doing such and the character of the individuals who brazenly took such acts are material to this action. Specifically, intent and motivation are relevant to willful and punitive damages calculations for both trade secret and copyright infringement.

DuPont's anti-Chinese sentiment is obvious—whether conscious or unconscious-- from its pleadings, and its prejudice is proper to disclose, at least, to the Court, if not the jury.

<u>Striking of Any Material is Premature</u>

Even if this Court felt that the References might be prejudicial to a jury they should not be stricken at this time. There will be ample time before the trial to consider Motions for Summary Judgment, and motions *in limine* to decide and eliminate, if necessary, any fact that may be prejudicial. Now is not the time to exclude potential evidence, where discovery has not yet begun and legal theories will undoubtedly mature as more evidence is produced.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant Defendants USA-PTI, and Dr. Liew, pray that DuPont's *Motion to Strike* be denied in its entirety.

Date: June 10, 2011                     MOUNT, SPELMAN & FINGERMAN, P.C.


                                        /s/ Kevin M. Pasquinelli
                                        _____

                                        Daniel S. Mount, Esq.
                                        Kevin M. Pasquinelli, Esq.
                                        On Lu, Esq.

                                        Counsel for USA PERFORMANCE TECHNOLOGY, INC. and
                                        DR. WALTER LIEW

MOUNT, SPELMAN & FINGERMAN, P.C.
Riverpark Tower, Suite 1650
333 West San Carlos Street
San Jose, California 95110-2740
Telephone (408) 279-7000

Case No. C11-01665                                                                                Page 8
USA PERFORMANCE TECHNOLOGY, INC. AND DR. WALTER LIEW'S OPPOSITION TO DUPONT'S MOTION TO STRIKE