IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E.I. DU PONT DE NEMOURS AND COMPANY,

    Plaintiff,

v.

USA PERFORMANCE TECHNOLOGY, INC., PERFORMANCE GROUP (USA), INC., WALTER LIEW, and JOHN LIU,

    Defendants.

No. C 11-01665 JSW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**

Now before the Court is the motion to strike filed by Plaintiff E. I. du Pont de Nemours and Company ("DuPont"). The motion seeks to strike allegations of anti-Chinese bias and references to DuPont's environmental record in Defendants USA Performance Technology, Inc. ("USA PTI") and Walter Liew's ("Liew") Answer and Counterclaim. The Court finds that this matter is suitable for disposition without oral argument and accordingly VACATES the hearing date of July 1, 2011. *See* N.D. Civ. L.R. 7-1(b). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's motion to strike.

## BACKGROUND

On April 6, 2011, DuPont filed an action against Defendants USA PTI, Performance Group (USA), Inc., Walter Liew, and John Liu, claiming misappropriation of confidential trade secrets specifying DuPont's chloride-route titanium dioxide ("$TiO_2$") process. The Complaint alleges that Defendant Liew "is a citizen of California or the People's Republic of China."

(Compl. at ¶ 7.) In their response, Defendants USA PTI and Liew (collectively, the "Counterclaimants") state that DuPont mischaracterized Liew's citizenship because of "anti-Chinese bias" and allude to DuPont's allegedly problematic environmental record through a 2005 report on the company's safety failures, which they attached as Exhibit F. (Answer at ¶ 7; Counterclaim at ¶ 2.) DuPont moves to strike these statements and the accompanying exhibit from the Answer and Counterclaim.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

### A. Legal Standard on Motion to Strike.

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may act on its own or on motion by a party. Fed. R. Civ. P. 12(f)(1)-(2). Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *See Cal. Dept. of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). Courts often require "a showing of prejudice by the moving party" before granting a motion to strike. *See id.* (quoting *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)). The possibility that issues will be unnecessarily complicated or that the trier of fact will draw unwarranted inferences at trial because of superfluous pleadings is sufficient prejudice to support granting a motion to strike. *Id*. Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Id.* (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

### B. Motion to Strike Allegation of Racial Bias.

DuPont moves to strike the Counterclaimants' allegation of anti-Chinese bias on the grounds that the allegations are immaterial, impertinent, and scandalous. (Br. at 4.)

Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being plead[ed]." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (quoting *Fantasy*, 984 F.2d at 1527). Impertinent matter "consists of

statements that do not pertain, and are not necessary, to the issues in question." *Id.* (quoting *Fantasy*, 984 F.2d at 1527). Scandalous matter "improperly casts a derogatory light on someone, usually a party." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005).

The Court finds that the Counterclaimants' allegation of anti-Chinese bias is immaterial, impertinent, and scandalous. First, the allegation is immaterial because racial animus, unconscious or otherwise, has no bearing on this action. Any purported racial motivation behind DuPont's alleged misappropriation of USA PTI's trade secrets does not affect whether or not such a theft actually occurred. Second, the allegation is impertinent because it does not pertain to and was unnecessary to the Counterclaimants' Answer. *See Whittlestone*, 618 F.3d at 974. In context, all that the Answer needed to clarify was that Liew is in fact a United States citizen and a resident of California. (*See* Answer at ¶ 7.) While establishing Liew's domicile in California would have satisfied diversity for the purposes of 28 U.S.C. § 1332, DuPont's lack of certainty resulted in pleading in the alternative, and it was proper for DuPont to do so. *See* Fed. R. Civ. P. 8(d)(2). Third, to claim, without any supporting evidence or explanation, that DuPont pled Liew's citizenship in the alternative "for the purpose of inciting ill-based domestic prejudice against citizens of China" was an unfounded, and therefore scandalous, allegation. (*See* Answer at ¶ 7.) The Counterclaimants improperly cause prejudice to DuPont by inserting irrelevant allegations of racism. *See Wilkerson*, 229 F.R.D. at 170 ("Allegations may be stricken as scandalous if the matter ... may cause the objecting party prejudice").

Counterclaimants' inflammatory racial accusation is immaterial, impertinent, scandalous, and potentially prejudicial. Therefore, pursuant to Federal Rule of Civil Procedure 12(f), DuPont's motion to strike the language alleging anti-Chinese bias is GRANTED. (Answer at ¶ 7:16-18.)

**C.    Motion to Strike References to DuPont's Environmental Record and Exhibit F.**

DuPont also moves to strike a paragraph referencing the company's environmental record and an exhibit reporting the company's safety failures, similarly claiming that these references are immaterial, impertinent, and scandalous. (*See* Br. at 4; Reply Br. at 4 n.2.)

3

1  The paragraph at issue reads:

2  China, like the rest of the world, is undoubtedly aware of the environmental
   problems caused by DuPont in the U.S. For example, in 2005, DuPont was
3  sued by 1,995 people who claim dioxin emissions from DuPont's plant in
   DeLisle, Mississippi, caused their cancers, illnesses or loved one's death.
4  (See *Not Walking the Talk: DuPont's Untold Safety Failures*, published in
   2005, and attached as *Exhibit F*.) Upon information and belief, one of
5  DuPont's chief motivations in pushing for a TiO2 plant in China is to bypass
   tougher environmental regulations it faces in the U.S. (including warnings
6  from the Environmental Protection Agency).

7  (Counterclaim at ¶ 2.)

8  The Court finds the majority of this paragraph (up to the sentence beginning, "Upon

9  information and belief,") to be immaterial, impertinent, and scandalous matter that meets the

10 standard for a motion to strike. First, the references are immaterial because they have no

11 essential or important relationship to the claims and defenses. *See Whittlestone*, 618 F.3d at

12 974. Counterclaimants' arguments to the contrary, the paragraph's opening sentences do not

13 address DuPont's alleged motives either to misappropriate trade secrets or to build a $TiO_2$ plant

14 in China. (*See* Opp. Br. at 8.) Even if the Counterclaimants raise DuPont's past environmental

15 record to support their claims or defenses, these specific references do not rise to the level of an

16 "essential or important" relationship to their case. *See Whittlestone*, 618 F.3d at 974; *Golemine,*

17 *Inc. v. Town of Merrillville*, 652 F. Supp. 2d 977, 980 (N.D. Ind. 2009) ("[W]here motions to

18 strike seek to remove unnecessary clutter from the case, they serve to expedite, not delay.")

19 (citation and internal quotation marks omitted); *Iafrate v. Compagnie Generale*

20 *Transatlantique*, 12 F.R.D. 71, 72 (S.D.N.Y. 1951) (stating that the motion to strike standard

21 "reinforces" the requirement of simple, concise, and direct pleadings under Federal Rule of

22 Civil Procedure 8(e)). Second, the references are impertinent because they are unnecessary to

23 the primary issues of the counterclaims; namely, alleged misappropriation of USA PTI's

24 confidential documents and DuPont's efforts to construct a $TiO_2$ plant in China. (*See*

25 Counterclaim at ¶¶ 2, 15); *see also Whittlestone*, 618 F.3d at 974 (holding "statements that do

26 not pertain, and are not necessary" to the claims in question constitute impertinent matter).

27 Counterclaimants again provide no explanation for their assertion that "China, like the rest of

28 the world, is undoubtedly aware of the environmental problems caused by DuPont in the U.S."

4

(*See* Counterclaim at ¶ 2.) Counterclaimants also do not plead any necessary link between Exhibit F and their counterclaims, let alone between 2005 cancer claims in Mississippi and this matter. *See Fantasy*, 984 F.2d at 1527 ("Superfluous historical allegations are a proper subject of a motion to strike") (citing *Healing v. Jones*, 174 F. Supp. 211, 220 (D. Ariz. 1959)). Third, the references are scandalous because, while based on an objective report, they improperly cast DuPont in a negative light based on concerns unrelated to the present claims. *See Wilkerson*, 229 F.R.D. at 170.

Counterclaimants argue that references to DuPont's environmental record and the exhibit are material to their claims because they are evidence of DuPont's motive to misappropriate USA PTI's trade secrets. (*See* Opp. Br. at 8.) As explained above, however, the bulk of this paragraph meets the standard for a motion to strike. By leaving the last sentence of their paragraph intact, the Court preserves the Counterclaimants' ability to elaborate on their claims and defenses, and to introduce relevant documents if and when appropriate.

Accordingly, all but the last sentence of the paragraph referencing DuPont's environmental record, including Exhibit F, are stricken as immaterial, impertinent and scandalous matter. Therefore, pursuant to Federal Rule of Civil Procedure 12(f), the Court GRANTS IN PART and DENIES IN PART DuPont's motion to strike these references and Exhibit F. (Counterclaim at ¶ 2:8-12.)

**CONCLUSION**

For the foregoing reasons, the Court GRANTS DuPont's motion to strike the allegation of anti-Chinese bias and GRANTS IN PART and DENIES IN PART DuPont's motion to strike references to the company's environmental record and Exhibit F.

**IT IS SO ORDERED.**
Dated: June 27, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5