GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
MORGAN K. LOPEZ, Bar No. 215513
JONATHAN A. ELDREDGE, Bar No. 238559
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

MORRIS JAMES LLP
P. Clarkson Collins, Jr., *Pro Hac Vice Pending*
Jason C. Jowers, *Pro Hac Vice Pending*
500 Delaware Avenue, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
E-mail: pcollins@morrisjames.com
         jjowers@morrisjames.com

Attorneys for E. I. du Pont de Nemours and Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>USA PERFORMANCE TECHNOLOGY, INC., PERFORMANCE GROUP (USA), INC., WALTER LIEW, and JOHN LIU,<br><br>Defendants. | Case No. 3:11-cv-01665-JSW<br><br>**JOINT STATUS REPORT AND [PROPOSED] ORDER EXTENDING STAY OF ACTION**<br><br>Judge: Hon. Jeffrey S. White<br>Hearing Date: None |

Pursuant to the Court's July 24, 2012 Order, Plaintiff E. I. du Pont de Nemours and Company ("DuPont") and defendants Walter Liew and USA Performance Technology, Inc. (collectively "USAPT") submit this Joint Status Report. The parties request that the stay in this matter set to expire on September 28, 2012, remain in place for an additional 60 days, through November 27, 2012.

1    On August 23, 2011, the United States filed *United States v. Walter Liew and Christina Liew*, No. CR-11-0573-RS. On February 7, 2012, the United States filed a superseding indictment in said action. *Id.* at Docket # 64.

DuPont's Position: The superseding indictment alleges that defendant Walter Liew, his wife, Christina Liew, and several other defendants violated multiple federal trade secret and economic espionage laws when they stole – and utilized – the trade secrets at issue in this action. *Inter alia*, Mr. Liew is charged with Conspiracy to Commit Economic Espionage, Conspiracy to Commit Theft of Trade Secrets, Possession of Trade Secrets, Conveying Trade Secrets, Witness Tampering, and False Statements. *See id.* ¶¶ 16-97. In addition, the superseding indictment identifies five DuPont trade secrets relating to its TiO2 technology at issue in the criminal action. *Id.* ¶ 14.

USAPT's Position: Defendants believe that the superseding indictment speaks for itself, and no further explanation or commentary is appropriate or needed.

On September 7, 2011, this Court issued an Order relating the criminal proceeding with this action, pursuant to its determination that this action and the criminal proceeding are related within the meaning of Crim. L.R. 8-1(b). (Docket # 42.)[1]

On September 23, 2011, the parties filed a joint status report requesting that the stay initially entered on July 22, 2011 (Docket # 39), be extended for an additional 60 days. (Docket # 44.) On September 29, 2011, the Court granted the parties' request. (Docket # 45.)

On November 23, 2011, the parties filed an additional joint status report requesting that the stay be extended for an additional 60 days. (Docket # 46.) The Court granted the parties' request on November 29, 2011. (Docket # 48.)

On January 24, 2012, the parties filed an additional joint status report requesting that the stay be extended for an additional 60 days. (Docket # 49.) The Court granted the parties' request on January 31, 2012. (Docket # 50.)

---

[1] On September 16, 2011, DuPont dismissed without prejudice defendant John Liu pursuant to Federal Rule of Civil Procedure 41(a)(1). (Docket # 43.) Thus, the only remaining defendants in this action are Walter Liew and his company, USA Performance Technology Inc.

1. On March 26, 2012, the parties filed an additional joint status report requesting that the stay be extended for an additional 60 days. (Docket # 51.) The Court granted the parties' request on March 27, 2012. (Docket # 52.)

2. On May 23, 2012, the parties filed an additional joint status report requesting that the stay be extended for an additional 60 days. (Docket # 53). The Court granted the parties' request on May 23, 2012. (Docket # 54).

3. On July 23, 2012, the parties filed an additional joint status report requesting that the stay be extended for an additional 60 days. (Docket # 55). The Court granted the parties' request on July 24, 2012. (Docket # 56).

The undersigned counsel request that the stay remain in place for an additional 60 days, at which time the parties will update the Court.

Dated: September 21, 2012

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
MORGAN K. LOPEZ
JONATHAN A. ELDREDGE
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

MORRIS JAMES LLP
P. CLARKSON COLLINS, JR.
JASON C. JOWERS
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

By /s/ Morgan K. Lopez
Attorneys for Plaintiff

Dated: September 21, 2012

MOUNT & STOELKER, P.C.
DANIEL S. MOUNT
ON LU
KEVIN M. PASQUINELLI
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, CA 95110-2740

By /s/ Daniel S. Mount
Attorneys for Defendants USA Performance Technology, Inc., and Walter Liew

| | |
|---|---|
| 1 | [PROPOSED] ORDER |
| 2 | Having read and considered the Joint Status Report, |
| 3 | **IT IS ORDERED THAT:** |
| 4 | The parties' request that the stay be extended until November 27, 2012 is hereby |
| 5 | GRANTED.  Counsel shall submit a joint status report on or before November 20, 2012. |

September 21, 2012

/s/ Jeffrey S. White
Honorable Jeffrey S. White
UNITED STATES DISTRICT JUDGE