GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
MORGAN K. LOPEZ, Bar No. 215513
JONATHAN A. ELDREDGE, Bar No. 238559
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

Attorneys for E. I. du Pont de Nemours and Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>USA PERFORMANCE TECHNOLOGY, INC., PERFORMANCE GROUP (USA), INC., WALTER LIEW, and JOHN LIU,<br><br>　　　　Defendants. | Case No. 3:11-cv-01665-JSW<br><br>**JOINT STATUS REPORT AND [PROPOSED] ORDER EXTENDING STAY OF ACTION AND PERMITTING PLAINTIFF E. I. DU PONT DE NEMOURS AND COMPANY TO FILE FIRST AMENDED COMPLAINT WITHIN 30 DAYS**<br><br>Judge: Hon. Jeffrey S. White<br>Hearing Date: None |

Pursuant to the Court's March 26, 2013 Order, Plaintiff E. I. du Pont de Nemours and Company ("DuPont") and defendants Walter Liew and USA Performance Technology, Inc. (collectively "USAPT") submit this Joint Status Report. The parties request that the stay in this matter set to expire on May 27, 2013, remain in place for an additional 60 days, through July 19, 2013. The parties further agree that during the next 30 days, the Court permit DuPont to file a First Amended Complaint to, *inter alia*, add as defendants Pangang Group Company Ltd., Pangang Group Steel Vanadium & Titanium Company Ltd., Pangang Group Titanium Industry Company, Ltd., Pangang Group Chongqing Titanium Industry Company, Ltd., and Pangang Group International Economic & Trading Company (collectively the "Pangang Companies").

1  DuPont wishes to do so in order to protect against further running of the statutes of limitations.
2  Once the amendment is made, DuPont would expect the stay to continue, except as to effecting
3  service on the Pangang defendants, a process that may take some time.
4    On April 6, 2011, DuPont filed the instant suit. (Docket # 1.) Defendants filed their
5  Substituted Answer and Counterclaim on July 11, 2011. (Docket # 35.) The action was first
6  stayed on July 22, 2011. (Docket # 39.)
7    On August 23, 2011, the United States filed *United States v. Walter Liew and Christina*
8  *Liew*, No. CR-11-0573-RS. On February 7, 2012, the United States filed a superseding
9  indictment in said action. (*Id.* at Docket # 64.) On March 12, 2013, the United States filed a
10 Second Superseding Indictment. (*Id.* at Docket # 269.) DuPont's Position: The second
11 superseding indictment alleges that defendant Walter Liew, his wife, Christina Liew, and several
12 other individual defendants violated multiple federal trade secret and economic espionage laws
13 when they stole – and utilized – the trade secrets at issue in this action. *Inter alia*, Mr. Liew is
14 charged with Conspiracy to Commit Economic Espionage, Conspiracy to Commit Theft of Trade
15 Secrets, Possession of Trade Secrets, Conveying Trade Secrets, Witness Tampering, and False
16 Statements. (*See id.* ¶¶ 16-97.) In addition, the second superseding indictment identifies five
17 DuPont trade secrets relating to its TiO2 technology at issue in the criminal action. (*Id.* ¶ 14.)
18 The second superseding indictment also names various of the Pangang Companies and charges
19 them with 1) Conspiracy to Commit Economic Espionage, 2) Conspiracy to Commit Theft of
20 Trade Secrets, and 3) Attempted Economic Espionage. (*Id.* ¶¶ 9-10, 17, 22-31, 39-40, 45, 52-54,
21 57-58.)
22   The facts set forth in the superseding indictment also support imposition of civil liability
23 against the Pangang entities. Allowing DuPont to amend its complaint now to add the Pangang
24 Companies as defendants will enhance the efficient resolution of this litigation, as it will enable
25 DuPont to begin perfecting service on the Pangang Companies under the Hague Convention, a
26 process that can take several months. That way, when the stay is ultimately lifted, the Pangang
27 Companies will have been served, thereby avoiding further delay of the civil litigation.
28

1   DuPont will be in a position to file a first amended complaint within 30 days. Because
2   only 11 days elapsed between Defendants' filing of their operative answer and counterclaims
3   and the staying of this action (Docket #35, 39) the time for DuPont to amend its complaint as a
4   matter of course has not yet expired. (*See* Fed. Rule Civ. Proc. 15(a)(1)(b) (party may amend its
5   pleading once as a matter of course within 21 days after service of a responsive pleading).)
6   <u>USAPT's Position</u>: Defendants believe that the second superseding indictment speaks for
7   itself, and no further explanation or commentary is appropriate or needed. Defendants take no
8   position on whether DuPont can allege claims against the Pangang Companies. Defendants do
9   not object to the Court permitting DuPont to amend its complaint within the next 30 days.
10  On September 7, 2011, this Court issued an Order relating the criminal proceeding with
11  this action, pursuant to its determination that this action and the criminal proceeding are related
12  within the meaning of Crim. L.R. 8-1(b). (Docket # 42.)[1]
13  On September 23, 2011, the parties filed a joint status report requesting that the stay
14  initially entered on July 22, 2011 (Docket # 39), be extended for an additional 60 days. (Docket
15  # 44.) On September 29, 2011, the Court granted the parties' request. (Docket # 45.)
16  On November 23, 2011, the parties filed an additional joint status report requesting that
17  the stay be extended for an additional 60 days. (Docket # 46.) The Court granted the parties'
18  request on November 29, 2011. (Docket # 48.)
19  On January 24, 2012, the parties filed an additional joint status report requesting that the
20  stay be extended for an additional 60 days. (Docket # 49.) The Court granted the parties'
21  request on January 31, 2012. (Docket # 50.)
22  On March 26, 2012, the parties filed an additional joint status report requesting that the
23  stay be extended for an additional 60 days. (Docket # 51.) The Court granted the parties'
24  request on March 27, 2012. (Docket # 52.)
25  ///

---

[1] On September 16, 2011, DuPont dismissed without prejudice defendant John Liu pursuant to Federal Rule of Civil Procedure 41(a)(1). (Docket # 43.) Thus, the only remaining defendants in this action are Walter Liew and his companies, USA Performance Technology Inc. and Performance Group, Inc.

1    On May 23, 2012, the parties filed an additional joint status report requesting that the
2    stay be extended for an additional 60 days. (Docket # 53). The Court granted the parties'
3    request on May 23, 2012. (Docket # 54).
4    On July 23, 2012, the parties filed an additional joint status report requesting that the stay
5    be extended for an additional 60 days. (Docket # 55). The Court granted the parties' request on
6    July 24, 2012. (Docket # 56).
7    On September 21, 2012, the parties filed an additional joint status report requesting that
8    the stay be extended for an additional 60 days. (Docket # 57). The Court granted the parties'
9    request later that day. (Docket # 58).
10   On November 20, 2012, the parties filed an additional joint status report requesting that
11   the stay be extended for an additional 60 days. (Docket # 59). The Court granted the parties'
12   request later that day. (Docket # 60).
13   On January 18, 2013, the parties filed an additional joint status report requesting that the
14   stay be extended for an additional 60 days. (Docket # 61). The Court granted the parties'
15   request later that day. (Docket # 62).
16   On March 26, 2013, the parties filed an additional joint status report requesting that the
17   stay be extended for an additional 60 days. (Docket # 63). The Court granted the parties'
18   request later that day. (Docket # 64).
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1       The undersigned counsel request that the stay remain in place for an additional 60 days,
2 but notwithstanding, the stay that DuPont be permitted to file a First Amended Complaint within
3 the next 30 days. Additionally, the parties will file a Joint Status Report on July 12, 2013.

Dated: May 20, 2013

GLYNN & FINLEY, LLP
CLEMENT L. GLYNN
MORGAN K. LOPEZ
JONATHAN A. ELDREDGE
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596

By /s/ Morgan K. Lopez
Attorneys for Plaintiff

Dated: May 20, 2013

MOUNT & STOELKER, P.C.
DANIEL S. MOUNT
ON LU
KEVIN M. PASQUINELLI
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose, CA 95110-2740

By /s/ Daniel S. Mount
Attorneys for Defendants USA Performance
Technology, Inc., and Walter Liew

1 **[PROPOSED] ORDER**

2 Having read and considered the Joint Status Report,

3 **IT IS ORDERED THAT:**

4 The parties' request that the stay be extended until July 19, 2013 is hereby GRANTED. Notwithstanding the stay, within 30 days, DuPont may file a First Amended Complaint. Counsel shall submit a joint status report on or before July 12, 2013.

May __21__, 2013

_____
Honorable Jeffrey S. White
UNITED STATES DISTRICT JUDGE