GLYNN & FINLEY, LLP
CLEMENT L. GLYNN, Bar No. 57117
MORGAN K. LOPEZ, Bar No. 215513
JONATHAN A. ELDREDGE, Bar No. 238559
One Walnut Creek Center
100 Pringle Avenue, Suite 500
Walnut Creek, CA 94596
Telephone: (925) 210-2800
Facsimile: (925) 945-1975

Attorneys for E. I. du Pont de Nemours and Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. I. DU PONT DE NEMOURS AND COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>USA PERFORMANCE TECHNOLOGY, INC., PERFORMANCE GROUP (USA), INC., WALTER LIEW, and JOHN LIU,<br><br>  Defendants. | **Case No. 3:11-cv-01665-JSW**<br><br>**JOINT STATUS REPORT AND [PROPOSED] ORDER EXTENDING STAY OF ACTION**<br><br>AS MODIFIED HEREIN<br><br>Judge: Hon. Jeffrey S. White<br>Hearing Date: None |

Pursuant to the Court's September 23, 2013 Order, Plaintiff E. I. du Pont de Nemours and Company ("DuPont") and defendants Walter Liew and USA Performance Technology, Inc. (collectively "USAPT") submit this Joint Status Report. The parties request that the stay in this matter set to expire on December 6, 2013, remain in place for an additional 60 days, through February 4, 2014.

On April 6, 2011, DuPont filed the instant suit. (Docket # 1.) Defendants filed their Substituted Answer and Counterclaim on July 11, 2011. (Docket # 35.) The action was first stayed on July 22, 2011. (Docket # 39.)

///

1    On August 23, 2011, the United States filed *United States v. Walter Liew and Christina Liew*, No. CR-11-0573-RS. On February 7, 2012, the United States filed a superseding indictment in said action. (*Id.* at Docket # 64.) On March 12, 2013, the United States filed a Second Superseding Indictment. (*Id.* at Docket # 269.)

DuPont's Position: The second superseding indictment alleges that defendant Walter Liew, his wife, Christina Liew, and several other individual defendants violated multiple federal trade secret and economic espionage laws when they stole – and utilized – the trade secrets at issue in this action. *Inter alia*, Mr. Liew is charged with Conspiracy to Commit Economic Espionage, Conspiracy to Commit Theft of Trade Secrets, Possession of Trade Secrets, Conveying Trade Secrets, Witness Tampering, and False Statements. (*See id.* ¶¶ 16-97.) In addition, the second superseding indictment identifies five DuPont trade secrets relating to its TiO2 technology at issue in the criminal action. (*Id.* ¶ 14.) The second superseding indictment also names various of the Pangang Companies and charges them with 1) Conspiracy to Commit Economic Espionage, 2) Conspiracy to Commit Theft of Trade Secrets, and 3) Attempted Economic Espionage. (*Id.* ¶¶ 9-10, 17, 22-31, 39-40, 45, 52-54, 57-58.)

USAPT's Position: Defendants believe that the second superseding indictment speaks for itself, and no further explanation or commentary is appropriate or needed.

History Relating to the Stay in this Action

On September 7, 2011, this Court issued an Order relating the criminal proceeding with this action, pursuant to its determination that this action and the criminal proceeding are related within the meaning of Crim. L.R. 8-1(b). (Docket # 42.)[1]

On September 23, 2011, the parties filed a joint status report requesting that the stay initially entered on July 22, 2011 (Docket # 39), be extended for an additional 60 days. (Docket # 44.) On September 29, 2011, the Court granted the parties' request. (Docket # 45.)

///

---

[1] On September 16, 2011, DuPont dismissed without prejudice defendant John Liu pursuant to Federal Rule of Civil Procedure 41(a)(1). (Docket # 43.) Thus, the only remaining defendants in this action are Walter Liew and his companies, USA Performance Technology Inc. and Performance Group, Inc.

1       On November 23, 2011, the parties filed an additional joint status report requesting that
2 the stay be extended for an additional 60 days. (Docket # 46.) The Court granted the parties'
3 request on November 29, 2011. (Docket # 48.)

4       On January 24, 2012, the parties filed an additional joint status report requesting that the
5 stay be extended for an additional 60 days. (Docket # 49.) The Court granted the parties'
6 request on January 31, 2012. (Docket # 50.)

7       On March 26, 2012, the parties filed an additional joint status report requesting that the
8 stay be extended for an additional 60 days. (Docket # 51.) The Court granted the parties'
9 request on March 27, 2012. (Docket # 52.)

10       On May 23, 2012, the parties filed an additional joint status report requesting that the
11 stay be extended for an additional 60 days. (Docket # 53). The Court granted the parties'
12 request on May 23, 2012. (Docket # 54).

13       On July 23, 2012, the parties filed an additional joint status report requesting that the stay
14 be extended for an additional 60 days. (Docket # 55). The Court granted the parties' request on
15 July 24, 2012. (Docket # 56).

16       On September 21, 2012, the parties filed an additional joint status report requesting that
17 the stay be extended for an additional 60 days. (Docket # 57). The Court granted the parties'
18 request later that day. (Docket # 58).

19       On November 20, 2012, the parties filed an additional joint status report requesting that
20 the stay be extended for an additional 60 days. (Docket # 59). The Court granted the parties'
21 request later that day. (Docket # 60).

22       On January 18, 2013, the parties filed an additional joint status report requesting that the
23 stay be extended for an additional 60 days. (Docket # 61). The Court granted the parties'
24 request later that day. (Docket # 62).

25       On March 26, 2013, the parties filed an additional joint status report requesting that the
26 stay be extended for an additional 60 days. (Docket # 63). The Court granted the parties'
27 request later that day. (Docket # 64).

28 ///

1   On May 20, 2013, the parties filed an additional joint status report requesting that the
2   stay be extended for an additional 60 days. (Docket # 65). The Court granted the parties'
3   request on May 21, 2013. (Docket # 66).
4   On July 12, 2013, the parties filed an additional joint status report requesting that the stay
5   be extended for an additional 60 days. (Docket # 67). The Court granted the parties' request
6   later that day. (Docket # 68).
7   On September 10, 2013, the parties filed an additional joint status report requesting that
8   the stay be extended for an additional 60 days. (Docket # 69). The Court extended the stay to
9   December 6, 2013. (Docket # 70).
10  The undersigned counsel request that the stay remain in place for an additional 60 days,
11  at which time the parties will update the Court.
12
13  Dated: December 2, 2013        GLYNN & FINLEY, LLP
                                   CLEMENT L. GLYNN
14                                 MORGAN K. LOPEZ
                                   JONATHAN A. ELDREDGE
15                                 One Walnut Creek Center
                                   100 Pringle Avenue, Suite 500
16                                 Walnut Creek, CA 94596
17
                                   By /s/ Morgan K. Lopez
18                                    Attorneys for Plaintiff
19  Dated: December 2, 2013        MOUNT & STOELKER, P.C.
                                   DANIEL S. MOUNT
20                                 ON LU
                                   KEVIN M. PASQUINELLI
21                                 RiverPark Tower, Suite 1650
                                   333 West San Carlos Street
22                                 San Jose, CA 95110-2740
23                                 By /s/ Daniel S. Mount
                                      Attorneys for Defendants USA Performance
24                                    Technology, Inc., and Walter Liew
25
26
27
28

**[PROPOSED] ORDER**

Having read and considered the Joint Status Report,

**IT IS ORDERED THAT:**

The parties' request that the stay be extended until February 4, 2014 is hereby GRANTED. Counsel shall submit a joint status report on or before January 28, 2014. In light of the fact that, in the related criminal proceedings, the Government estimates that it will take five weeks to present its case in chief, the Court ORDERS the parties to meet and confer about whether the stay should be extended until February 28, 2014. If the parties cannot agree to stay this matter until that date, they shall file a notice setting forth their respective positions by January 6, 2014.

December 3, 2013

Honorable Jeffrey S. White
UNITED STATES DISTRICT JUDGE

*/s/ Jeffrey S. White*

- 5 -
JOINT STATUS REPORT AND [PROPOSED] ORDER EXTENDING STAY